UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW YORK LIFE INSURANCE CO.,<br><br>    Defendant. | Case No.   5:15-cv-05962-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 8 |

On December 1, 2015, pro se plaintiff Marc Olin Levy filed this action for alleged employment discrimination in Santa Clara County Superior Court. He alleges that he interviewed for a position with defendant New York Life Insurance Company, but was not hired because he has a criminal record. He seeks "$2,000,000,000" in damages. Defendant removed the matter here, asserting diversity jurisdiction under 28 U.S.C. § 1332.

Defendant points out that Levy filed the same complaint in this court over four years ago in *Levy v. New York Life Ins. Co.*, Case No. 3:11-cv-06617 JCS (2011 Action). (See Dkt. 9, Request for Judicial Notice (RJN) Ex. A).[1] Indeed, it appears that Levy simply took a copy of his 2011 complaint (still bearing this court's filing endorsement stamps) and re-filed it in the state

---

[1] Defendant's request for judicial notice of this court's records from the 2011 Action is granted. See Fed. R. Evid. 201(b)(2) (permitting a court to take judicial notice of facts "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

court. (Dkt. 1-2, Devaux Decl., Ex. A). Except for certain handwritten modifications---i.e., to reflect his current address, to change his demand from "100 billion dollars" to "$2,000,000,000," and to reflect that the complaint was being filed in state court---plaintiff's complaint filed in the present lawsuit is identical to the one he filed here in 2011.

The judge presiding over the 2011 Action granted Levy's application to proceed in forma pauperis in that case. Nevertheless, the court dismissed the complaint because plaintiff failed to identify any "legal authority that a company's decision not to hire an individual on the basis of his past criminal record is actionable, under either state or federal law." (Dkt. 9, RJN Ex. C). Levy was given 30 days to file an amended complaint to "provide any additional facts that he believes give rise to a valid claim and identify the relevant legal authority upon which his claim is based." (Id.). Additionally, the court directed the clerk "to close the file in this case if an amended complaint is not filed within thirty days of the date of this order." (Id.). Levy never filed an amended complaint, and the clerk subsequently closed the 2011 Action. (Id., Ex. D).

As discussed, Levy filed the instant suit about four years later.

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves to dismiss the present case on the grounds that the complaint is barred by res judicata (claim preclusion) and fails to state a claim for relief. Plaintiff opposes the motion.[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The matter is deemed suitable for determination without oral argument, and the March 1, 2016 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court grants defendant's motion and dismisses the complaint with prejudice.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir.

---

[2] Plaintiff timely opposed the motion. Defendant contends that his opposition, filed on January 7, 2016, was a day late. Defendant's motion, however, was served by mail (Dkt. 12); and, plaintiff therefore had until January 11, 2016 to file his opposition papers. Civ. L.R. 7-3(a).

2

2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile. Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

**DISCUSSION**

This court finds it unnecessary to determine whether the present lawsuit is barred by res judicata because it readily concludes that plaintiff's complaint fails to state a claim for relief. Plaintiff alleges that, during his job interview, he disclosed two prior misdemeanors and that defendant refused to hire him because of his criminal record. (Dkt. 1-2 at 5). He claims that the alleged failure to hire him constitutes unlawful discrimination because he "checked out California State law on insurance requirements," as well as "FINRA [Financial Industry Regulatory Authority] law" and found "no law or regulation stating that a candidate with two minor, non-financial related misdemeanors would be barred from employment." (Id.). In his opposition, plaintiff also argues that pursuant to an unspecified "EEOC statute" and the Fourteenth Amendment of the U.S. Constitution, he cannot be denied employment based on his criminal record.

Insofar as plaintiff's complaint suggests that his employment discrimination claim is based on (unspecified) FINRA regulations, his claim fails. FINRA regulations do not provide for a private right of action. Fox v. Lifemark Securities Corp., 84 F. Supp.3d 239, 245 (W.D.N.Y. 2015); Richman v. Goldman Sachs Group, Inc., 868 F. Supp.2d 261, 274 (S.D.N.Y. 2012); Price v. Charles Schwab & Co., Inc., No. CV14-06194 DMG (MANx), 2015 WL 9694811 at *4 (C.D. Cal., Apr. 6, 2015).

Nor does plaintiff state a cognizable claim for employment discrimination under either Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, et seq., or California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq. To establish a claim under either statute, Levy must show that he belongs to a protected class. See generally Adetuyi v. City & Cnty. of San Francisco, 63 F. Supp.3d 1073, 1083 (N.D. Cal. 2014) (citing Chuang v. Univ. of Cal. Davis Bd. of Tr., 225 F.3d 1115, 1123 (9th Cir. 2000)); Slatkin v. Univ. of Redlands, 88 Cal. App.4th 1147, 1158 (2001). Having a criminal record is not a protected class under either statutory scheme. See 42 U.S.C. § 2000e-2 (prohibiting employment discrimination based on an "individual's race, color, religion, sex, or national origin"); Cal. Gov't Code § 12940(a) (prohibiting employment discrimination based on "the race, religious creed, color,

4

national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status of any person . . ..").  Moreover, even if the complaint had asserted claims under either Title VII or FEHA (which it does not), there is no indication that plaintiff exhausted his administrative remedies---a necessary prerequisite for bringing a claim under either statute.  42 U.S.C. § 2000e-5(e)-(f); Cal. Gov't Code § 12965(b); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002); Rojo v. Kliger, 52 Cal.3d 65, 83 (1990).

To the extent plaintiff's opposition suggests that defendant violated his right to equal protection under the Fourteenth Amendment, that argument fails as a matter of law.  The Fourteenth Amendment generally protects individual rights against unlawful state action, not conduct by private entities.  Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003).  Plaintiff alleges no facts indicating that defendant's alleged conduct could be deemed "state action."  Nor does it appear that he plausibly could assert any such facts.

For these reasons, Levy fails to state an actionable claim for relief, and defendant's motion to dismiss is granted.  In the four years between the filing of the 2011 Action and this one, plaintiff has not alleged any facts even suggesting that he could plead a plausible claim for relief, indicating that amendment would be futile.[3]  Accordingly, Levy's complaint is dismissed with prejudice.

**ORDER**

Based on the foregoing, defendant's motion to dismiss is GRANTED and plaintiff's

---

[3] The court may take judicial notice on its own.  Fed. R. Evid. 201(c)(1).  The court's records reveal that plaintiff has sued several insurance companies here, claiming that he was not hired for various reasons, including that he had a criminal record, see Case No. 5:14-cv-04073 EJD Levy v. State Farm; he did not have a college degree, see Case No. 5:14-cv-04116-EJD Levy v. Northwestern Mutual Life; and because he was in debt, see Case No. 3:12-cv-01298-LB Levy v. Mass Mutual and Case No. 3:15-cv-06136-EDL Levy v. Massachusetts Mutual Life Ins. Co.  All of these actions have been dismissed.  Indeed, in Case No. 5:14-cv-04073 EJD Levy v. State Farm, plaintiff was advised that his claims failed because FINRA does not provide a private right of action and because a criminal record is not a protected class under either federal or state employment discrimination law.

1   complaint is DISMISSED WITH PREJUDICE.  The clerk shall enter judgment and close this file.
2       SO ORDERED.
3   Dated:   February 26, 2016

HOWARD R. LLOYD
United States Magistrate Judge

5:15-cv-05962-HRL Notice has been electronically mailed to:

Christian Joseph Rowley    crowley@seyfarth.com, ktruesdale@seyfarth.com, sacdocket@seyfarth.com

5:15-cv-05962-HRL Notice sent by U.S. Mail on February 26, 2016 to:

Mark Olin Levy
18225 Hale Avenue
Morgan Hill, CA 95037